# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

**BRENNAN LANDY**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**ACTIVUS DIGITAL, LLC d/b/a NATIONAL HOMEOWNER ADVOCATES**, a Colorado limited liability company,

        Defendant.

## CLASS ACTION COMPLAINT AND JURY DEMAND

1.    Plaintiff Brennan Landy ("Landy" or "Plaintiff") brings this Class Action Complaint against Defendant Activus Digital, LLC d/b/a National Homeowner Advocates ("NHA" or "Defendant") to stop its practice of making unsolicited autodialed telephone calls to consumers' cellular telephones without procuring prior express written consent as required by law, including to those on the National Do Not Call Registry, and to obtain redress for all persons similarly injured by Defendant's conduct. Plaintiff, for his Complaint, allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.    The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies such as Defendant from making calls to cellular telephones using an automatic telephone dialing system ("ATDS") or pre-recorded voice without first obtaining prior express written consent. In this case,

Defendant has violated, and continues to violate, the TCPA and its regulations by placing (or having third parties place on its behalf and for its benefit) unsolicited autodialed calls to cellular phone subscribers who have not provided prior express written consent to receive such text messages.

## PARTIES

3. Plaintiff Landy is a natural person over the age of eighteen who resides in Ardmore, Montgomery County, Pennsylvania.

4. Defendant NHA is the associated name or a d/b/a for Activus Digital, LLC, a limited liability company organized and existing under the laws of the State of Colorado whose primary place of business and corporate headquarters is located in Windsor, Colorado.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

6. This Court has personal jurisdiction over NHA and venue is proper in this District because it solicits significant business in this District, is registered to do business in this District, is headquartered in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

## COMMON ALLEGATIONS OF FACT

7. In an effort to effectuate its business, Defendant utilizes telemarketing to reach consumers.

8. The hardware and software used by Defendant (or its telemarketer(s)) to make the calls is an automatic telephone dialing system ("ATDS") because, among other things, such equipment has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

9. NHA fails to obtain consumers' prior express written consent as required by the TCPA to place such calls.

10. That is, NHA makes unauthorized autodialed calls to cellular subscribers who have not provided proper consent to Defendant to receive such calls, including to consumers who list their phone number on the National Do Not Call Registry for the specific purpose of avoiding such calls.

11. In doing so, NHA (directly or via its telemarketers which act on its behalf and for its benefit) makes unsolicited telemarketing calls to solicit consumers to purchase its solar energy products and services—all in violation of the TCPA.

12. By making the calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such

calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. The phone rings and interrupts the user's experience. Defendant also caused injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

13.   Defendant knows or acts in conscious disregard of the fact that its autodialed calls to these cellular subscribers are unauthorized.

14.   As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class, it also intentionally and repeatedly violated the TCPA.

15.   To the extent a third party made calls on behalf of NHA, NHA knew about the calls, received the benefits of the calls, directed the calls to be placed, and ratified the calls. NHA is liable for all calls placed on its behalf and/or for its benefit.

**FACTS SPECIFIC TO PLAINTIFF LANDY**

16.   Plaintiff Landy is the owner and customary user of a personal cellular telephone number ending in 5129.

17.   This number has been on the National Do Not Call Registry since December 2004.

18.   On or around July, 2020, Plaintiff received a series of calls from Defendant.

19.   On information and belief, Plaintiff received at least four (4) calls from Defendant.

20.   When Landy answered the calls, he heard a pause and a click before an operator came on the line. This is indicative of the use of an ATDS.

4

21. When an operator finally came on the line, Landy was solicited to purchase Defendant's products and services.

22. One such call occurred on July 14, 2020.

23. The July 14, 2020 call was received from the number 844-735-0716 and was placed to solicit Landy for NHA's products or services.

24. When Landy answered, he heard a pause and a click, and then an operator named "Jan" came on the line.

25. Landy questioned Jan repeatedly on who she worked for and requested the entity name and mailing address. Jan would only state that she was with National Homeowner Advocates in Denver.

26. National Homeowner Advocates is a d/b/a of Defendant.

27. Landy never provided any written consent that satisfied the requirements set forth in 47 C.F.R. 62.1200(f)(8)(i) or otherwise.

28. Defendant was aware that calls were placed to consumers like Landy who had not consented to receive them.

29. By continuing to make unauthorized calls as alleged herein, Defendant has caused Plaintiff and other consumers actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy that results from the receipt of such unwanted calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused injury to their phones by causing wear and

tear on their property, consuming battery life, interfering with their use and enjoyment, and appropriating cellular minutes and data.

30. To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals set forth below, bring this suit under the TCPA, which prohibits unsolicited calls to cellular telephones. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages to the class members to be paid into a common fund for the benefit of the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes as defined as follows:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one call from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using the same equipment that was used to call the Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff.
>
> **Do Not Call Registry Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received more than one telephone call; (2) on a telephone number; (3) which had been listed on the National Do Not Call Registry for at least thirty days; (4) from Defendant or third parties calling on Defendant's behalf or for Defendant's benefit; and (5) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

32.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

33.     **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made unsolicited to thousands of consumers who fall into the definition of the Class. The exact number of members of the Classes can be identified through Defendant's records.

34.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Classes have sustained damages arising out of Defendant's uniform wrongful conduct.

35.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff and his counsel have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(c) Whether Defendant systematically called consumers absent prior express written consent;

(d) Whether Defendant made the calls using an automatic telephone dialing system or pre-recorded voice technology; and

(e) Whether Defendant violated the National Do Not Call Registry rules.

37. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

38. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual

members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the No Consent Class)

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendant made unsolicited pre-recorded voice and autodialed calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate business for Defendant's in-home massage products and services.

41. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

9

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

42. Further, Defendant made the calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

43. By making the unsolicited calls to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b).

44. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited phone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

50. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) *available a*t https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

11

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

51.     Defendant, by or through its telemarketers, violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such

as Nettnay and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

52. Defendant, by or through its telemarketers, also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests available on demand, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

53. Defendant, by or through its telemarketers, made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

54. Defendant, by or through its telemarketers, violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

55. Defendant, by or through its telemarketers, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as

described above.

56.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Landy, on behalf of himself and the class, pray for the following relief:

    A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

    B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

    C.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

    D.     A declaratory judgment that Defendant's telephone equipment constitutes an automatic telephone dialing system under the TCPA;

    E.     An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Class;

14

      F.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

      G.      An award of treble damages if willfulness is shown; and

      H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**BRENNAN LANDY**, individually and on behalf of a Class of similarly situated individuals

Dated: January 5, 2021

By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Stephen A. Klein
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*